**SO ORDERED.**

**SIGNED June 02, 2011.**



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: JAMES A. GOODE
     ANGELA R. GOODE                                                           CASE NO. 10-81641

UNITED STATES OF AMERICA

VERSUS                                                                                     ADVERSARY NO. 11-8002

JAMES A. GOODE
ANGELA R. GOODE

**REASONS FOR DECISION**

Before the Court is the Plaintiff's Motion to Strike the Defendant's Answer in the above-captioned adversary proceeding, which was scheduled for a hearing on May 25, 2011. While this is a core proceeding, and this Court's jurisdiction is established and unchallenged, the Court must note that the only reason this matter was taken under advisement was the inexplicable and inexcusable absence of counsel to the defendants, leaving the Court and counsel to plaintiff unable to efficiently proceed at the hearing. (28 U.S.C. §157(b)(2)(I); 28 U.S.C. §1334; Local District Court Rule 83.4.1; Local Bankruptcy Rule 9029.3.) The Court makes the following findings of fact and

conclusions of law in accordance with F.R.B.P. 7052 and F.R.C.P. 52(a)(3).

F.R.B.P. 7012 provides that the answer to the complaint shall be filed within thirty days after Clerk's issuance of summons, which occurred on March 18, 2011. Thirty days from that date fell on April 17, 2011, a Sunday, and according F.R.B.P. 9006(a)(1)( C), the answer was due no later than the end of the next day, Monday, April 18, 2011. The answer herein was filed two days later, on April 20, 2011, and appears on the docket sheet of this Adversary Proceeding as filed the same date, but just after the Plaintiff filed a Request for Clerk's Entry of Default. Nine days later, the Plaintiff filed a Motion to Strike the answer as late filed.

The only issue presently before the Court is the Motion to Strike the answer, and the response thereto. However, the Court notes that the Request for Clerk's Entry of Default, made pursuant to F.R.C.P. 55(a), made applicable through F.R.B.P. 7055, is relevant insomuch as it seems the entry of the Judgment itself was never made, in keeping with Local Rule 55.1W, which requires of the Clerk: "C. A judgment of default shall not be entered until 14 calendar days after entry of default." The fact that a judgment was not entered after fourteen days is due to either the fact that an answer had been filed, even if late, or the customary practice in this Division to treat all Requests for Clerk's entry of Default as those requiring a hearing and ruling of the Court under Rule 55(b)(2), giving the Court the opportunity to entertain the prima facie case prior to entering the Judgment, rather than allowing the Clerk or the Deputy Clerk of the Bankruptcy Court to enter a Judgment. Nevertheless, at this point in the adversary proceeding, there is only a pending Pre-Trial Conference scheduled, and the instant Motion to Strike an Answer filed two-days past the thirty-day period provided for in F.R.B.P. 7012.

Next the Court notes that the late-filed answer was not accompanied by a Motion to Allow

a late-filed pleading, which would have allowed the Court to permit the enlargement of time to file same under F.R.B.P. 9006(b)(1): "[O]n motion made after the expiration of the specified period [the Court may] permit the act to be done where the failure to act was the result of excusable neglect." F.R.B.P. 9006(b)(1). Even so, the response to the Motion to Strike hardly shows excusable neglect, as it argues only that to strike the answer would be "inequitable," since counsel for the parties had discussed the matter, counsel for plaintiff did not warn defense counsel that the matter was urgent and a default would be entered, and that no Judgment has yet been entered. While these facts are relevant to the issue of the entry of default judgment, the response is not overwhelmingly convincing, as not a shred of law or reliance on the Federal Rules of Civil or Bankruptcy Procedure is provided to excuse the delay in pleading. Meanwhile, as noted earlier, counsel for defendants presumably found his own estimation of the law so irresistibly in his clients' favor, that he need not even appear at the hearing thereon. As to the issue of excusable neglect, although counsel to plaintiff may have discussed the matter with counsel to defendant, this Court's research has found there exists no obligation to warn the other of precipitous use of the Federal Rules.

That being said, the Court recognizes the juncture of the adversary proceeding: complaint filed, summonses served and issued, no pre-trial conference yet held, and only a Request for Clerk's Entry of Default entered. The issue of the default judgment itself is not presently before the Court, however, the United States Court of Appeals for the Fifth Circuit has consistently held that the drastic default judgment is not a favored remedy to plaintiffs. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274 (5th Cir. 1989)**.** Further, since "appearance" in the case in the form of the response to the Motion and the communication with counsel would preclude the entry of default judgment, the Entry of Default must not proceed to Judgment, the pre-trial

3

conference should remain as scheduled, and the defense permitted this opportunity to properly style, plead and support its position henceforth. *Id.*, *Charlton L. Davis & Co., P.C. v. Fedder Data Center Inc.*, 556 F.2d 308 (5th Cir. 1977). Accordingly;

IT SHALL BE SEPARATELY ORDERED that the Motion to Strike the Answer is GRANTED, however, without prejudice to the filing of a properly styled and adequately supported Motion for Leave to File a Late Filed Answer in accordance with F.R.B.P. 9006(b)(1).

# # #